# Toward v. Meadow Lands Coal Company, Appellant.

*Negligence—Master and servant—Mines and mining—Defects in works or plants—Act of June 10, 1907, P. L. 523.*

1. No employer is exempt from the operation of the Act of June 10, 1907, P. L. 523, so far as it relates to defects in the works or plant under his direct control, and of which defects he can have knowledge by the exercise of ordinary care.

2. Mule holes in mines, made for the purpose of preventing mules, while not working, from straying and being a source of danger to employees on mine cars, are part of the works of the mine owners, and failure to provide bars, gates or hitching posts to keep the mules in is a failure of duty by the mine owner, and a "defect in the works" under the act of 1907 which, if found to have caused or contributed to the injury of an employee, renders the owner liable regardless of proof of negligence of a coemployee.

Argued Oct. 12, 1910. Appeal, No. 47, Oct. T., 1910, by defendant, from judgment of C. P. Washington Co., May T., 1909, No. 93, on verdict for plaintiff in case of Gertrude B. Toward v. Meadow Lands Coal Company.

Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before McILVAINE, P. J.

The facts appear in the opinion of the Supreme Court.

The defendant presented the following point:

If the jury find that said Miller discovered soon after he left the mule in the mule hole, that the mule had disappeared from the mule hole where he had left it unfastened, and did not look it up himself, or inform its driver or the boss-driver of its disappearance (the driver and boss-driver being in his immediate neighborhood in the mine), and he, knowing that the motor was being operated that day and that it might soon be run past the open end of the mule hole, then the accident in which the plaintiff's husband was killed was the result of the carelessness of the fellow servant, Miller, and no negligence therefor could be attributed to the defendant company, and the verdict of the jury should be for the defendant. *Answer:* This point as a whole is refused. The fact that the carelessness of the fellow servant, Miller, was the cause of the accident does not relieve the defendant from liability, if it in any of the ways pointed out in the act of June 10, 1907, contributed to the injury. If the carelessness of Miller recited in the point was the sole cause of the injury of the deceased, then the verdict should be for the defendant. [2]

Verdict for plaintiff in the sum of $4,833.33, and judgment thereon. Defendant appealed.

*Errors assigned* among others was (2) in refusing defendant's point as above.

*Boyd Crumrine* and *J. C. Boyer,* with them *E. E. Crumrine,* for appellant.—In the absence of evidence that it was necessary, proper and customary that mule holes should be furnished with bars or gates, the employer is

not bound to provide them: North Central Ry. Co. v. Husson, 101 Pa. 1; Titus v. R. R. Co., 136 Pa. 618.

The accident was the direct result of the negligence of a fellow servant: Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Keystone Bridge Co. v. Newberry, 96 Pa. 246; Redstone Coke Co. v. Roby, 115 Pa. 364; Spees v. Boggs, 198 Pa. 112.

*B. B. Barr,* with him *John F. Cox* and *Albert S. Sprowls,* for appellee.—The mule holes were part of defendant's plant or works, within the meaning of the act of June 10, 1907: Yarmouth v. France, L. R. 19 Q. B. D. 647; Ryalls v. Mechanics' Mills, 150 Mass. 190 (22 N. E. Repr. 766).

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

The husband of the appellee was a motorman in charge of an electric motor car in one of the mines of the appellant. On January 7, 1909, as he was taking this car along the main entry towards the shaft, it ran into a mule on the track and he was thrown from his seat and killed. That the mule got on the track as the result of the negligence of some one is a self-evident proposition. It had been placed temporarily in a mule hole a short time before by one of the drivers, and, not having been fastened, strayed out on the track. There was no bar or gate across the mule hole, and whether there was a post inside of it to which the mule could have been tied was a disputed question of fact. The jury might fairly have found from all the testimony in the case that the sole efficient cause of the collision between the motor car and the mule, which resulted in the death of the motorman, was the negligence of Miller, a coemployee of the deceased, in putting the mule in the hole and leaving it there unhitched, contrary to the orders that had been given to him by his superiors; and they were instructed that, if they should so find, the plaintiff could not recover. But a further instruction to them was, that even if they should find Miller to have been negligent, and at the same time

should find that the defendant had been negligent in not providing means for keeping the mules safely in the mule holes when not at work, such negligence on the part of the defendant would make it liable under the Act of June 10, 1907, P. L. 523, which provides, "That in all actions brought to recover from an employer for injury suffered by his employee, the negligence of a fellow-servant of the employee shall not be a defense, where the injury was caused or contributed to by any of the following causes: namely,—Any defect in the works, plant, or machinery, of which the employer could have had knowledge by the exercise of ordinary care; the neglect of any person engaged as superintendent, manager, foreman, or any other person in charge or control of the works, plant, or machinery; the negligence of any person in charge of or directing the particular work in which the employee was engaged at the time of the injury or death; the negligence of any person to whose orders the employee was bound to conform, and did conform, and, by reason of his having conformed thereto, the injury or death resulted; the act of any fellow-servant, done in obedience to the rules, instructions, or orders given by the employer, or any other person who has authority to direct the doing of said act." Under the testimony, which need not be recited, the question of the defendant's negligence in failing to equip the mule hole with a hitching post, or anything else to which the mule could have been fastened, was for the jury, and, the defendant having been found negligent in this respect, the only real question in the case is as to its liability under the act of 1907, if Miller, the coemployee, was also guilty of negligence.

It is contended that the act of 1907 does not apply to coal mines, because it does not mention mines or mining. True, mines and mining are not mentioned, but the comprehensive words of the act include "all actions brought to recover from an employer for injury suffered by his employee." This defendant was the employer of the ap-

pellee's husband and this action has been brought against it for his death, alleged to have been caused or contributed to by the negligence of the employer while he was discharging the duties of his employment. The act does not enumerate the class of employers who are to be subject to its provisions. If it did, those not included in the enumeration would be exempt from its operation, for expressio unius est exclusio alterius: Miller v. Miller, 44 Pa. 170. All employers are within the provision that the negligence of a fellow servant of an injured employee shall not be a defense where the injury is caused or contributed to by any defect in the works, plant or machinery of which the employer can have knowledge by the exercise of ordinary care. Mule holes in mines are part of the works of the mine owners, made so by themselves for the purpose of preventing mules while not working from straying around as walking dangers to employees on or operating mine cars. When mules are put in these holes, without bars or gates to keep them in or hitching posts to which they can be tied, the mine owner takes the risk that they will stray out and bring about collisions with moving cars, and failure to provide means by which they can be kept within the holes is a failure of duty by the mine owner as an employer to his employees. A mule hole without gates or bars, hitching posts or any other device provided by the mine owner by which the mules can be kept within it is a "defect in the works," and the jury in this case having found such a defect in the works of the appellant, it is not to be permitted, in the face of the act of 1907, to shield itself under plea or proof of the negligence of Miller, the coemployee of the deceased.

Another contention of the learned counsel for the appellant is that the act of 1907 is unconstitutional, in view of what was held in Durkin v. Kingston Coal Co. et al., 171 Pa. 193. What was there decided was that so much of sec. 8 of art. 17 of the Act of June 2, 1891, P. L. 176, as imposes liability on a mine owner for the failure of a foreman to comply with the provisions of the act which com-

pels the mine owner to employ him and defines his duties is unconstitutional and void. The negligence of a mine foreman is not involved in this action, and the case referred to has no application. It will be time enough to decide whether the act of 1907 is applicable to the neglect of a mine foreman when such a case arises. For the present we pass only upon what is before us, and, in doing so, decide nothing more than that no employer is exempt from the operation of the act of 1907 so far as it relates to defects in the works or plant under his direct control, and of which defects he can have knowledge by the exercise of ordinary care.

There is no error in any of the instructions which are the subjects of the five assignments, and the jury, having found that it was the negligence of the defendant that caused or contributed to the collision which resulted in the death of the appellee's husband, the judgment is affirmed.